# No. 24-3454

IN THE

# United States Court of Appeals

FOR THE

# Sixth Circuit

**NATHAN ROBERTS and FREEDOM TRUCK DISPATCH, LLC,**
**on behalf of themselves and all others similarly situated**

*Plaintiffs - Appellants*

**v.**

**PROGRESSIVE PREFERRED INSURANCE COMPANY;**
**PROGRESSIVE CASUALTY INSURANCE COMPANY; CIRCULAR**
**BOARD INC., originally named as Circular Board, LLC**

*Defendants - Appellees*

On Appeal from the United States District Court for the
Northern District of Ohio, No. 23-cv-1597, Hon. Patricia A. Gaughan

## BRIEF OF APPELLEES PROGRESSIVE PREFERRED INSURANCE CO. AND PROGRESSIVE CASUALTY INSURANCE CO.

MORGAN, LEWIS & BOCKIUS LLP

Emily Cuneo DeSmedt
502 Carnegie Center
Princeton, NJ 08540
T. 609.919.6673

Stephanie Schuster
1111 Pennsylvania Avenue NW
Washington, DC 20004
T. 202.373.6595

Hanna E. Martin
101 Park Avenue
New York, NY 10178
T. 212.309.6716

Joseph Bias
300 South Grand Avenue, 22nd Fl.
Los Angeles, CA 90071
T. 213.612.7397

*Counsel for Appellees Progressive Casualty Insurance Co. and Progressive*
*Preferred Insurance Co.*

## <u>DISCLOSURE OF CORPORATE AFFILIATIONS</u><br><u>AND FINANCIAL INTEREST</u>

In accordance with Sixth Circuit Rule 26.1, Progressive Casualty Insurance Co. and Progressive Preferred Insurance Co. make the following disclosure:

1.   Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

Progressive Preferred Insurance Company and Progressive Casualty Insurance Company are wholly-owned subsidiaries of Progressive Agency Holdings, Inc., which is a wholly-owned subsidiary of the Progressive Corporation. The Progressive Corporation is a publicly traded entity.

2.   Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest:

Not applicable.

Dated: October 18, 2024            s/ Stephanie Schuster
                                   Stephanie Schuster

i

# **TABLE OF CONTENTS**

**Page**

STATEMENT REGARDING ORAL ARGUMENT ............................................... 1

JURISDICTIONAL STATEMENT ........................................................................ 2

STATEMENT OF THE ISSUE ............................................................................. 3

STATEMENT OF THE CASE ............................................................................. 4

    I.    The Facts ................................................................................................. 4

    II.   The Proceedings ..................................................................................... 5

SUMMARY OF ARGUMENT ............................................................................. 6

STANDARD OF REVIEW ................................................................................... 7

ARGUMENT ....................................................................................................... 8

    I.    By Their Own Admissions, Plaintiffs Lack An Injury-In-Fact ............... 9

    II.   Plaintiffs' Claim For Compensatory Damages Is Not Redressable ........ 15

CONCLUSION .................................................................................................... 16

ADDENDUM (DESIGNATIONS) ............................................................... Add. 1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aiken v. Hackett*,
  281 F.3d 516 (6th Cir. 2002) ...................................................................*passim*

*Allen v. Wright*,
  468 U.S. 737 (1984)...................................................................10, 14

*ASARCO v. Kadish*,
  490 U.S. 605 (1989)...................................................................9

*Ass'n of Am. Physicians & Surgeons v. F.D.A.*,
  13 F.4th 531 (6th Cir. 2021) ...................................................8

*Braunstein v. Ariz. Dep't of Transp.*,
  683 F.3d 1177 (9th Cir. 2012) ...........................................13

*Carney v. Adams*,
  592 U.S. 53 (2020)...................................................................9

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983)...................................................................8, 10

*DaimlerChrysler Corp. v. Cuno*,
  547 U.S. 332 (2006)...................................................................8

*Donahue v. City of Boston*,
  304 F.3d 110 (1st Cir. 2002)...........................................13

*Freedom from Religion Found., Inc. v. Lew*,
  773 F.3d 815 (7th Cir. 2014) ...........................................14

*Grahek v. City of St. Paul*,
  84 F.3d 296 (8th Cir. 1996) ...........................................13

*Hollingsworth v. Perry*,
  570 U.S. 693 (2013)...................................................................9

*Lindke v. Tomlinson*,
  31 F.4th 487 (6th Cir. 2022) ...........................................7

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ....................................................................8, 9

*Marks v. Tennessee*,
    562 F. App'x 341 (6th Cir. 2014) .......................................................10

*Moose Lodge No. 107 v. Irvis*,
    407 U.S. 163 (1972) ......................................................................10

*Perna v. Health One Credit Union*,
    983 F.3d 258 (6th Cir. 2020) ...........................................................16

*Raines v. Byrd*,
    521 U.S. 811 (1997) ........................................................................8

*Sierra Club v. Morton*,
    405 U.S. 727 (1972) ........................................................................9

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) ..................................................................7, 8, 9

*In re Teixeira*,
    844 F. App'x 847 (6th Cir. 2021) .......................................................11

*Town of Chester v. Laroe Ests., Inc.*,
    581 U.S. 433 (2017) ...................................................................8, 15

*Wooden v. Bd. of Regents*,
    247 F.3d 1262 (11th Cir. 2001) ........................................................13

**Statutes**

28 U.S.C. § 1291 .............................................................................2

28 U.S.C. § 1331 .............................................................................2

28 U.S.C. § 1343 .............................................................................2

42 U.S.C. § 1981 ..........................................................................2, 5

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Because Plaintiffs' theory on appeal conflates several distinct principles, Progressive Preferred Insurance Company and Progressive Casualty Insurance Company respectfully submit that oral argument may be helpful to the Court.

## <u>JURISDICTIONAL STATEMENT</u>

Plaintiffs sued Defendants under 42 U.S.C. § 1981, so the district court had statutory subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343. Compl., R. 1, PageID #6. The district court dismissed this case for lack of Article III subject-matter jurisdiction on May 21, 2024. Dismissal Op., R. 51, PageID #625; Judgment, R. 52, PageID #626. Plaintiffs timely appealed on May 23, 2024, Notice of Appeal, R. 53, PageID #627, and this Court has appellate jurisdiction under 28 U.S.C. § 1291.

As explained in this brief, while statutory subject-matter jurisdiction is not in dispute, constitutional jurisdiction is. Plaintiffs lack Article III standing to maintain their suit.

## <u>STATEMENT OF THE ISSUE</u>

This Court has held that a plaintiff challenging an alleged discriminatory preference lacks standing to seek damages for an alleged lost opportunity to compete unless the plaintiff also alleges he would have obtained the benefit but for the challenged preference. Plaintiffs do not allege that they would have obtained the benefit of the program here but for the challenged preference. Did the district court correctly apply this Court's precedents and determine that Plaintiffs lack standing?

## STATEMENT OF THE CASE

### I.    THE FACTS

Progressive sells insurance, but it also supports various initiatives and causes through charitable donations.  Am. Compl. ¶¶ 9, 11, R. 32, PageID #264.  One of Progressive's philanthropic programs in 2023 was the Driving Small Business Forward grant program (the "Grant Program").[1]  *Id*. ¶ 12.  The program offered $25,000 grants to ten eligible black-owned small businesses for the express purpose of helping them to overcome the documented challenges that black entrepreneurs face in obtaining capital.  *Id*. ¶¶ 12, 13.  The Grant Program was completed before this lawsuit was ever filed.  Grant Description (Am. Compl. Ex. 3), R. 32-3, PageID #280.

Plaintiff Nathan Roberts, who is white, is the sole owner of Plaintiff Freedom Truck Dispatch.  Am. Compl. ¶¶ 10, 28, R. 32, PageID #264, 267.  Mr. Roberts alleges that he received an email on May 23, 2023, informing him about the Grant Program as well as another grant for "small business owners of all backgrounds." *Id*. ¶ 26, PageID #261, 274; Email re Grants (Am. Compl. Ex. 1), R. 32-1, PageID #273.  He did not apply for either grant.  Instead, he immediately forwarded the email to his counsel in this case.  E-mail re Grants (Am. Compl. Ex. 1), R. 32-1,

---

[1]    Progressive partnered with "Hello Alice, an online resource platform operated by [Defendant] Circular Board Inc.," to administer the Grant Program.  Am. Compl., R. 32, ¶¶ 14, 16.

PageID #273.  Mr. Roberts "opened the application, and began filling it out," and then promptly stopped when "he came to a part of the application that made clear that the grants were available only to black-owned businesses."  Am. Compl. ¶¶ 27–28, R. 32, PageID #267.  Plaintiffs do not allege that they would have received one of the ten grants but for the challenged eligibility criteria.

## II.    THE PROCEEDINGS

After the Grant Program was over, Plaintiffs sued Progressive and Hello Alice for injunctive relief and damages, claiming the Grant Program violated 42 U.S.C. § 1981.  The district court granted Progressive and Hello Alice's motions to dismiss for lack of subject-matter jurisdiction.  Dismissal Op., R. 51, PageID #609.  The court determined that Plaintiffs lack standing to seek damages because Plaintiffs did not allege they would have been selected to receive one of the ten grants awarded but for the challenged preference.  *Id.* at PageID #619.  Plaintiffs' "alleged inability to compete" fails to establish the requisite injury in fact for standing to seek retrospective relief, but even if it did, such injury would not be redressed through compensatory damages.  *Id.* at PageID# 618–19.  Finally, the court dismissed Plaintiffs' claims for prospective injunctive and declaratory relief because Plaintiffs had not demonstrated that there was any ongoing or imminent risk of future harm: the Grant Program ended, and Plaintiffs did not demonstrate any basis to conclude

it would be repeated.  *Id*. at PageID# 621.  Plaintiffs do not challenge the latter

holding on appeal.

## SUMMARY OF ARGUMENT

Plaintiffs abandon their claim for prospective relief on appeal and all but

concede that they lack Article III standing to seek damages.  Plaintiffs concede that

*Aiken v. Hackett*, 281 F.3d 516 (6th Cir. 2002), a decision they ignored completely

in the district court, is controlling.  They concede that, under *Aiken*, standing to seek

damages requires a plaintiff to show not just a lost opportunity to compete, but also

that the plaintiff would have obtained the benefit but for the challenged preference.

And Plaintiffs concede that they have not alleged that they would have obtained a

grant but for the challenged preference.  These concessions and a straightforward

application of *Aiken* are dispositive.  This Court should affirm.

Yet, Plaintiffs insist that even if they don't have standing to seek damages

relating to the grant, they have standing to seek damages relating to the *application

for the grant*.  To support this argument, Plaintiffs reimagine the Grant Program as

involving two purported contracts, the application and the grant itself.  Even if

splicing the Grant Program this way made sense (it does not), Plaintiffs' standing

argument necessarily fails for the simple reason that Plaintiffs do not allege any race-

based impediment to completing the application.  The challenged preference

concerned eligibility for the *grant itself*, not eligibility to apply for the grant.  By

6

Plaintiffs' own allegations, anyone could apply for the grant by completing the application, including Plaintiffs.

Regardless, Plaintiffs' attempted splicing of the Grant Program into two purported contracts would not establish standing even if it made any sense. Plaintiffs describe the benefit afforded by the application—and which they claim they were denied—as the "opportunity to compete" *for* the grant. That is the very injury this Court held in *Aiken* may support standing to seek *injunctive relief* but is insufficient to support standing to seek *damages*. *Aiken* thus forecloses Plaintiffs' novel "two contracts" argument and attempt to apply the test of standing to seek prospective relief to a claim for damages.

Plaintiffs also fail to address the district court's alternative holding that their claim for compensatory damages is not redressable. Instead, Plaintiffs argue that other types of damages (nominal and punitive) might satisfy Article III's redressability requirement. That non-response is a tacit concession that they failed to demonstrate redressability for their compensatory damages claim.

## STANDARD OF REVIEW

This Court reviews *de novo* the district court's dismissal for lack of subject-matter jurisdiction. *Lindke v. Tomlinson*, 31 F.4th 487, 490 (6th Cir. 2022).

## ARGUMENT

Federal courts are courts of limited jurisdiction, able to decide only "cases or controversies." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016). To avoid exceeding the limits of their authority, federal courts demand that plaintiffs demonstrate standing to sue. *Raines v. Byrd*, 521 U.S. 811, 818 (1997). A plaintiff has standing if he has suffered an injury-in-fact, caused by the defendant's actions and redressable by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992).

The plaintiff has the burden to demonstrate Article III standing. *Spokeo*, 578 U.S. at 338. At the pleading stage, a plaintiff must plausibly allege each standing element. *Ass'n of Am. Physicians & Surgeons v. F.D.A.*, 13 F.4th 531, 544 (6th Cir. 2021); *see Lujan*, 504 U.S. at 561 (a plaintiff's burden to establish standing tracks his burden to establish the other "indispensable" elements of his claim). And the "plaintiff must demonstrate standing separately for each form of relief sought." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006); *see Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 434 (2017) ("[S]tanding is not dispensed in gross. To the contrary, a plaintiff must demonstrate standing for each claim he seeks to press and each form of relief sought.") (cleaned up). Standing to seek damages is not standing to seek injunctive relief, and vice-versa. *See, e.g.*, *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983).

## I.    BY THEIR OWN ADMISSIONS, PLAINTIFFS LACK AN INJURY-IN-FACT.

Injury-in-fact is the "first and foremost" standing element. *Spokeo*, 578 U.S. at 338–39.  More than "an injury to a cognizable interest" is necessary; the plaintiff must also "be himself among the injured."  *Sierra Club v. Morton*, 405 U.S. 727, 734–35 (1972).  Thus, an injury-in-fact is "an invasion of a legally protected interest" that is (i) "concrete," (ii) "particularized," and (iii) "actual or imminent."  *Lujan*, 504 U.S. at 560.  To be "concrete," the injury must be "real," as opposed to abstract, procedural, or purely legal.  *Spokeo*, 578 U.S. at 340.  To be "particularized," the injury "must affect the plaintiff in a personal and individual way."  *Lujan*, 504 U.S. at 560 n.1.

Injuries that aren't concrete and particularized are generalized grievances, adjudication of which risks turning federal courts into roving commissions or mini-legislatures.  *Id.* at 576 ("Vindicating the public interest … is the function of Congress and the Chief Executive."); *see Carney v. Adams*, 592 U.S. 53, 58 (2020) ("[A]n abstract and generalized harm to a citizen's interest in the proper application of the law does not count as an 'injury in fact.'").  "[A] generalized grievance, no matter how sincere, is insufficient to confer standing."  *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (cleaned up).

Mere knowledge or "observation of conduct with which one disagrees do[es] not provide the kind of particular, direct, and concrete injury that is necessary to

confer standing to sue in federal courts." *ASARCO v. Kadish*, 490 U.S. 605, 616 (1989) (cleaned up). Thus, even though a "stigmatizing injury" is "one of the most serious consequences of" discrimination, such an injury is concrete and particularized only when suffered by "persons who are *personally denied* equal treatment." *Allen v. Wright*, 468 U.S. 737, 755 (1984) (emphasis added) (quoting *Heckler v. Mathews*, 465 U.S. 728, 740 (1984));[2] *see, e.g.*, *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166–67 (1972) (holding plaintiff lacked standing to challenge a racially discriminatory membership policy because he never applied for membership). Otherwise, "standing would extend nationwide to all members of the particular racial groups" against whom the discriminatory policy or conduct was allegedly directed. *Allen*, 468 U.S. at 755–56. "Recognition of standing in such circumstances would transform the federal courts into 'no more than a vehicle for the vindication of the value interests of concerned bystanders.'" *Id*. at 756 (quoting *United States v. SCRAP*, 412 U.S. 669, 687 (1973)).

Consistent with these principles, in *Aiken v. Hackett*, 281 F.3d 516 (6th Cir. 2002), this Court held that, in a case about an allegedly discriminatory preference, the type of injury the plaintiff needs to show depends on whether the plaintiff seeks prospective or retrospective relief. *Id.* at 519; *cf. Lyons*, 461 U.S. at 105. The injury

---

[2]    *Allen* was "arguably abrogated on other grounds by *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014)." *Marks v. Tennessee*, 562 F. App'x 341, 344 (6th Cir. 2014).

necessary to support a claim for "forward-looking relief to level the playing field" is an ongoing inability "to compete on an equal footing." *Aiken*, 281 F.3d at 519 (cleaned up). The injury necessary to support a claim for retrospective relief, like damages, is the denial of a benefit the plaintiff "would have received" under "a race-neutral policy." *Id.* (citing *Texas v. Lesage*, 528 U.S. 18, 20 (1999)).

*Aiken* makes this a straightforward appeal. Plaintiffs readily abandon their claims for prospective relief. *See* Appellants' Br. 12 n.31 ("The plaintiffs are not appealing the district court's dismissal of their claims for prospective relief; they are appealing only the district court's dismissal of their claims for damages."). Just as readily, Plaintiffs concede that *Aiken* is controlling *and* that they "never alleged that they would have obtained one of the $25,000 grants in the absence of racial exclusion." *Id.* at 12, 14. Under *Aiken* that defeats their claim for damages allegedly arising from the challenged preference—that only black-owned small businesses were eligible for the Grant Program—just as the district court concluded. Dismissal Op., R. 51, PageID #619. Indeed, Plaintiffs concede that *Aiken* "forecloses" their standing to seek damages based on the eligibility criteria for the grant. Appellants' Br. 16 n.32. There is nothing left.

Yet, Plaintiffs insist that they somehow have standing to seek damages under *Aiken* based on their failure *to apply* to the Grant Program. This argument is forfeit. *See In re Teixeira*, 844 F. App'x 847, 855 (6th Cir. 2021) ("'[a]rguments in favor of

11

standing, like all arguments in favor of jurisdiction, can be forfeited or waived.'") (quoting *Ctr. for Biological Diversity v. EPA*, 937 F.3d 533, 542 (5th Cir. 2019) (collecting cases)). Plaintiffs never argued below that they had standing to seek damages under *Aiken*. Plaintiffs did not even cite *Aiken* in their opposition to the motions to dismiss and, instead, argued that they had standing to seek damages based on cases finding injury-in-fact to pursue injunctive relief. *See* MTD Opp., R. 43, PageID# 514–15.

Regardless, Plaintiffs' new argument fails. Plaintiffs characterize the Grant Program as involving "two contracts": (i) the grant application; and (ii) the grant itself. Appellants' Br. at 16–17. That distinction is contrived and illusory. As the district court rightly concluded, there is no material difference between the application and the grant for purposes of standing here. Dismissal Op., R. 51, PageID # 516 n.4. For even if the application for the grant and the grant itself were distinct contracts, Plaintiffs do not allege that there was any race-based impediment to completing the application and obtaining what they call "the application-stage contract formed at the moment an application is submitted." Appellants' Br. 12. By their own allegations, Plaintiffs could have completed the *application* if they wanted but chose not to because they were ineligible *for the grant*: "Eventually, [Plaintiff Roberts] came to a part of the application that made clear that *the grants* were available only to black-owned businesses, so he closed *the application* and did not

apply because he is white and his business is white-owned."  Am. Compl. ¶ 28, R. 32, PageID# 267 (emphases added).

Plaintiffs conclusorily and implausibly allege that they were "'denied the ability to enter into contracts with defendants—the contract to compete for the grant money, and the subsequent contract connected to receipt of the grant money—based on his race.'"  Appellants' Br. 19 (quoting Am. Compl. ¶ 32, R. 32, PageID# 267). Plaintiffs do not allege that there was any race-based eligibility criteria for filling out the application and obtaining the so-called "application-stage contract."  Instead, quoting the eligibility criteria *for the grant*, Plaintiffs allege that "Progressive announced that '*applicants* must meet all of the below criteria *to be eligible for this opportunity*.'"  Am. Compl. ¶ 18, R. 32, PageID# 265 (emphases added) (quoting Grant Description (Am. Compl. Ex. 3), R. 32-3, PageID #280–81).  Because Plaintiffs never completed the application, they were not personally subjected to the challenged eligibility criteria for the grant itself.[3]

---

[3]     This renders Plaintiffs' and their amicus's views about *Aiken* entirely beside the point.  *Aiken* is in accord with the decisions of other circuits.  *See, e.g.*, *Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1186–87 (9th Cir. 2012); *Donahue v. City of Boston*, 304 F.3d 110, 117–18 (1st Cir. 2002); *Grahek v. City of St. Paul*, 84 F.3d 296, 299 (8th Cir. 1996).  Indeed, no court has ever found standing to seek damages where the plaintiff was not personally subjected to the challenged preference.  *See, e.g.*, *Wooden v. Bd. of Regents*, 247 F.3d 1262, 1279–80 (11th Cir. 2001) (plaintiff whose application proceeded to a stage where the challenged preference was applied had standing, even if he could not ultimately obtain the benefit); *id.* at 1281–82 (different plaintiff whose application was never subjected to challenged preference and who instead alleged mere "exposure to an overall

13

Ultimately, with their two-contracts argument, Plaintiffs seek to apply the injury-in-fact test for injunctive relief to their claim for damages. The benefit to the supposed "first" or "application-stage" contract, as Plaintiffs' put it, was to be "considered for a grant," Appellants' Br. 16, or, stated differently, the "opportunity to compete," *id.* at 23. But a hindrance to a plaintiff's "ability to compete on equal footing" is precisely the sort of injury this Court held in *Aiken* may support standing to seek "forward-looking relief to level the playing field" but cannot alone support standing to pursue damages. *Aiken*, 281 F.3d at 519. A past inability to compete for something the plaintiff would not have won is not "an injury in fact because" it is not "an invasion of some interest the law protects." *Id.* Indeed, if *Plaintiffs* have standing to seek damages here, so would *every* business across the country that is not black-owned—including businesses (like Freedom Truck Dispatch) who never applied for the grant. That is the definition of a generalized grievance. *See, e.g.*, *Allen*, 468 U.S. at 755–56; *see also Freedom from Religion Found., Inc. v. Lew*, 773 F.3d 815, 822, 824 n.6 (7th Cir. 2014) ("Futile or not, a request for membership was necessary to establish standing because, without it, no injury had occurred.") (discussing *Moose Lodge*, 407 U.S. at 166–67).

─────────────

admissions process that includes a race or ethnicity component to which the plaintiff herself is not actually subject" lacked standing).

## II.   PLAINTIFFS' CLAIM FOR COMPENSATORY DAMAGES IS NOT REDRESSABLE.

The district court observed that Plaintiffs' demand for compensatory damages falters on redressability, in addition to injury-in-fact. The court determined that Plaintiffs failed to explain how compensatory damages "would redress their inability to compete for a grant" they never applied for or claim they would have received. Dismissal Op., R. 51, PageID #619–20. Plaintiffs' arguments on this score are largely *non-sequitur*. Specifically, Plaintiffs contend that their claims for *nominal* and *punitive* damages are redressable, Appellants' Br. 21–22, but they never address *compensatory* damages—the focus of the district court's redressability holding. None of that demonstrates that their purported injury can be redressed with compensatory damages. *See Town of Chester*, 581 U.S. at 434; ("[A] plaintiff must demonstrate standing for … each form of relief sought.") (citation omitted).

Regarding compensatory damages, Plaintiffs' assert, *ipse dixit*, that the value of Plaintiff Roberts' "time ... spent filling out the application" plus the "lost opportunity to compete for the $25,000 grants" is "not zero." Appellants' Br. 23. That argument is untenable. Plaintiffs allege the Mr. Roberts merely started filling out the simple online application before abandoning it, and Plaintiffs do not allege that they would have obtained one of the grants. Plaintiffs cite no authority for the proposition that either is a compensable injury in a case like this. To conclude otherwise would be inconsistent with *Aiken*'s holding that an inability to compete is

15

not an "invasion of some interest the law protects" as it relates to damages unless the plaintiff would have won. *Aiken*, 281 F.3d at 519.[4]

## CONCLUSION

The judgment of dismissal should be affirmed.

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

Dated: October 18, 2024

s/ Stephanie Schuster
Stephanie Schuster
1111 Pennsylvania Avenue, NW
Washington, DC 20004
202.739.3000
stephanie.schuster@morganlewis.com

Emily Cuneo DeSmedt
502 Carnegie Center
Princeton, NJ 08540
609.919.6673
emily.desmedt@morganlewis.com

Hanna E. Martin
101 Park Avenue
New York, NY 10178
212.309.6716
hanna.martin@morganlewis.com

---

[4] Plaintiffs complain that, in addition to dismissing their case for lack of jurisdiction, the district court entered judgment via a separate document. Appellants' Br. 23–24. A judgment of dismissal for lack of jurisdiction is inherently without prejudice. The district court did not purport to enter judgment on the merits. To the extent the judgment needs to be clarified, the Court has the power to "modify the judgment to clarify its nature." *Perna v. Health One Credit Union*, 983 F.3d 258, 274 (6th Cir. 2020).

Joseph Bias
300 South Grand Avenue, 22nd Fl.
Los Angeles, CA 90071
213.612.7397
joseph.bias@morganlewis.com

*Counsel for Appellees*
*Progressive Preferred Insurance*
*Company and Progressive Casualty*
*Insurance Company*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that this brief complies with the type-volume limitation in Rule 32(a)(7)(B) because it contains 3,235 words.

s/ Stephanie Schuster
Stephanie Schuster

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 18th day of October, 2024, a copy of the foregoing Brief of Appellees Progressive Preferred Insurance Co. and Progressive Casualty Insurance Co. was filed electronically through this Court's CM/ECF system, which sent a notice of electronic filing to counsel of record.

s/ Stephanie Schuster
Stephanie Schuster

## <u>ADDENDUM</u>

**Designation of Relevant Lower Court Documents**

| ECF No. | Document Description | PageID # |
|---|---|---|
| 1 | Complaint | 1–50 |
| 32 | Amended Complaint (including exhibits) | 262–321 |
| 34 | Progressive's Motion to Dismiss | 326–358 |
| 35 | Circular Board's Motion to Dismiss | 359–422 |
| 43 | Plaintiffs' Opposition to the Motions to Dismiss | 501–538 |
| 51 | Memorandum of Opinion and Order Dismissing Case | 609–625 |
| 52 | Judgment | 626 |
| 53 | Notice of Appeal | 627 |